### STOWE v. WHITE et al.

(Supreme Court, Appellate Term.  June 22, 1903.)

1. ACTIONS—FAILURE TO PROSECUTE—OBJECTIONS—WAIVER.

On a motion to dismiss an action for neglect to prosecute, an attorney testified that plaintiff came to him, stating that he was surprised to learn that his action had not been put on the calendar by his attorney, and that witness procured the plaintiff's papers from his attorney, explaining the circumstances to defendant's attorney, who granted an adjournment of the motion for a week on condition that witness place the action on the calendar and serve notice of trial, and that he did this, and had himself substituted as plaintiff's attorney. *Held*, that such agreement was a waiver of the delay.

Appeal from City Court of New York.

Action by Reddington J. Stowe against James M. White and others. From an order denying defendants' motion to dismiss the complaint, they appeal. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Leventritt & Brennan, for appellants.

Edward B. Bloss, for respondent.

MacLEAN, J.  Issue was joined in this action October 18, 1901. Under date of March 10, 1903, the defendants noticed a motion, returnable on the 20th of that month, for an order dismissing the complaint because of the unreasonable neglect to prosecute the cause, which had not been placed upon the calendar or noticed for trial, while later issues had been tried. Upon the hearing of the motion, an attorney at law deposed that the plaintiff had come to him, and stated that he was surprised by learning that his action had not been put upon the calendar by his attorney, to whom he had advanced funds; that deponent thereupon procured the plaintiff's papers from his attorney, explained the circumstances to the defendants' attorneys, and procured from them adjournment of the motion for a week, agreeing that in case he did not place the action upon the calendar in the mean season, and serve a notice of trial, defendants' attorneys might dismiss the action without opposition, all of which he had done, besides having had himself substituted as attorney for the plaintiff.

Surely this appeal should not have been taken or pressed after the attorneys of the defendants had so waived the presumable laches of the plaintiff through his former attorney. The material matter of acceptance of the new situation proposed by the new attorney having been shown, it was and is of little moment that the statement of the anterior circumstances was upon hearsay—the sole excuse for this appeal offered in a brief of five pages of print. That hearsay statement defendants' attorneys had heard once before, and given it their approval and acceptance.

Order appealed from affirmed, with costs. All concur.